# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**DARNELL CHIVERS,**

    **Defendant.**

Case No. 1:19-cr-119

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Darnell Chivers' ("Defendant" or "Chivers") Objection Motion for Production on State Writs ("Motion") (Doc. 28). For the following reasons, the Court **DENIES** Chivers' Motion.

## DISCUSSION

Chivers is currently housed at the Butler County Detention Center. On February 19, 2020, the United States Marshal Service received a writ of habeas corpus ad prosequendum from the Whitley County Kentucky Circuit Court requesting that Chivers appear for a status conference on February 26, 2020. Chivers is charged with three counts of murder, first-degree burglary, and tampering with physical evidence in Whitley County, Kentucky.

Chivers, who is acting pro se in this matter, filed this Motion in response to that writ. He argues not only that honoring the writ would violate the Interstate Agreement on Detainers ("Agreement" or "IAD"), but that Kentucky already violated the Agreement by filing writs and having him appear in Kentucky several times before. (*See* Def.'s Obj. Mot. for Produc. on State Writs ("Def.'s Mot."), Doc. 28, #310–

11). While his Motion is not the model of clarity on this issue, it appears that he seeks three forms of relief: denial of the recent Kentucky writ, an Order preemptively denying future Kentucky writs of a similar nature, and an Order from this Court dismissing, with prejudice, the Kentucky indictment. For various reasons discussed below, the Court denies each aspect of relief that Chivers seeks, and thus DENIES the Motion in its entirety.

As to the first form of relief Chivers seeks, subsequent events have rendered his request moot. When a claim for relief is moot, a court lacks jurisdiction to decide whether such relief is warranted, even if the court retains jurisdiction over other aspects of the suit. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) ("[T]his Court lacks jurisdiction to consider any case *or issue* that has lost its character as a present, live controversy and thereby becomes moot.") (emphasis added); *see also United States v. Vargas*, 63 F. App'x 592, 596 (2d Cir. 2003) (recognizing that a federal court must assess mootness on an issue-by-issue basis); *Williams v. Sec'y Pa. Dep't of Corr.*, 447 F. App'x 399, 402 (3d Cir. 2011) ("If one or more of the issues involved in an action become moot … the adjudication of the moot issue or issues should be refused.") (internal quotation omitted). Here, the Kentucky writ that Chivers opposes requested his appearance for a hearing in a Kentucky court on February 26, 2020. This Court had not ruled on the writ by that time, and thus the Court denied the writ as moot on those grounds. (*See* Mar. 4, 2020 Notation Order). Just as the writ is moot, Chivers' request that the Court deny that writ is also moot, as any Order this Court would issue as to the writ's validity would merely be advisory.

The second form of relief Chivers seeks likewise requests another form of advisory opinion. He asks this Court to determine that currently unissued, potential future writs violate the Agreement. It is well settled, however, that Article III courts lack the power to issue advisory opinions. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969). To be sure, in appropriate circumstances, a federal court can enter declaratory relief regarding contemplated future events, but that applies to currently existing contracts or statutes in situations where their application to an imminent set of factual circumstances is unclear. Here, there is no currently existing writ, and no imminent set of facts against which to adjudge the permissibility of that writ. The Court is simply not in the position to address the merits of Chivers' arguments under the Agreement as to potential, as yet unissued, future writs. Should Kentucky file such a writ, Chivers is of course free to object at that time, and the Court will consider any arguments that he should choose to make. Now, however, is not that time.

Finally, the Court addresses Chivers' request that this Court dismiss with prejudice the Kentucky indictment against him, based on Kentucky's alleged violations of the IAD. The Court denies that request for two reasons. First, Chivers is not currently serving a "term of imprisonment" as that term is used in the Agreement, and thus he is not covered by that Agreement. Second, even if he were, the Agreement does not provide this Court authority to dismiss a state indictment. To the contrary, to the extent dismissal is required, the Agreement, by its plain language, provides that the court in which the indictment is pending shall dismiss it.

The Agreement creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he finishes serving his sentence so that he may be tried by a different State for a different crime. *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). The Agreement contains an "anti-shuttling" provision, which provides that when an individual who has "entered upon a term of imprisonment" in one jurisdiction (the "sending state"), is removed to another jurisdiction (the "receiving state") pursuant to a detainer, he must be tried in the receiving state before returning to the sending state; if he is not, the indictment in the receiving state "shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." *See* 18 U.S.C. app. 2, § 2, art. III(d).

Chivers argues this Court should refuse to honor the Whitley County writ because Kentucky already wrongfully "shuttled" him, and that this in turn requires the Court to dismiss the Kentucky charges with prejudice. (*See* Def.'s Mot. at #311–13). But the Agreement "only applies to individuals who have 'entered upon a term of imprisonment.'" *United States v. Lester*, 719 F. App'x 455, 457 (6th Cir. 2017) (quoting *United States v. Taylor*, 173 F.3d 538, 540 (6th Cir. 1999). In *United States v. Roberts*, 548 F.2d 665, 669–71 (6th Cir. 1977), the Sixth Circuit explicitly held that a pretrial detainee awaiting trial has not begun his "term of imprisonment."

Here, Chivers has not begun a "term of imprisonment," and thus the Agreement does not apply to him. To be sure, Chivers is in custody, but as a pretrial detainee at the Butler County Detention Center. He is not in custody as a result of

having been found guilty of a crime and sentenced to prison. Therefore, the Agreement does not prohibit Kentucky from issuing writs requesting Chivers to appear for proceedings in their courts.

Second, even were that not the case, the remedy he seeks here—federal dismissal of a state indictment—is not available under the Agreement. As noted above, the Agreement states that if "trial is not had" on the indictment before returning the prisoner to the original place of imprisonment, then that indictment "shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." 18 U.S.C. app. 2, § 2, art. III(d). The plain import of that language is that the court in which the indictment is pending, i.e., the court in which "trial is to be had," is the one responsible for determining whether dismissal is appropriate. That is particularly true in that it would be an extraordinary remedy in our federalist system of government if a court in one jurisdiction had the power to dismiss an indictment with prejudice issued in another jurisdiction. This Court would need to find a clear statement of such power in the Agreement before traveling down that path, and that clear statement decidedly is not present here.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Chivers' Objection Motion for Production on State Writs (Doc. 28).

**SO ORDERED.**

March 25, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**