# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**DARNELL CHIVERS,**

    **Defendant.**

Case No. 1:19-cr-119
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Darnell Chivers' Motion to Dismiss Indictment. (Doc. 59). For the following reasons, Chivers' Motion is **DENIED**.

On October 2, 2019, a federal Grand Jury in this District returned a one-count indictment that charged Chivers with possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 2. (Indictment, Doc. 3, #14). Specifically, the Indictment charged that, on or about May 24, 2017, Chivers, a previously convicted felon, knowingly possessed a Hi-Point Firearms Model C9, 9-millimeter Luger caliber pistol, which was in and affecting commerce. (*Id.*). Chivers now moves to dismiss the Indictment claiming it is legally insufficient on the in-or-affecting-commerce element, raising both a statutory and constitutional argument.

As for the statutory argument, Chivers first argues that the language of 18 U.S.C. § 922(g)(1), which prohibits Chivers from possessing any firearm or ammunition "in or affecting commerce," "indicates that possessors of firearms cannot be criminally liable where the only connection to commerce was that the gun was

manufactured in another state" (and thus necessarily traveled in interstate commerce to get into this state). (Mot. to Dismiss Indictment Based on Commerce Element, Doc. 59, #571–72). That argument misses the mark here, though, as the firearm at issue, a Hi-Point Firearms pistol, was in fact manufactured in Ohio. So the Government is not relying on an alleged out-of-state manufacture to provide the nexus to interstate commerce that the statute requires.

Rather, the Government's theory here is that the pistol necessarily crossed state lines when it was sold to a purchaser in Kentucky around 2008. (This purchaser was unrelated to Chivers' possession of the gun.) And the gun then necessarily again crossed state lines, as it was back in Ohio at the time that law enforcement personnel found it in Chivers' possession.

Chivers also takes issue with that argument, though. He claims that a plain reading of the statutory language in § 922(g) makes clear that Congress did not intend the interstate commerce element of the offense could be satisfied merely by proof that the firearm at some point had been shipped or transported in interstate or foreign commerce. (*See id.* at #575 ("[T]he plain language of the statute clearly does not support criminal liability for a defendant who merely possesses a firearm that was sold years earlier in another state, and thus was 'shipped or transported in interstate or foreign commerce' in order to get to Ohio.")). The Government, Chivers argues, must show more than that to establish that the possession was "in or affecting commerce."

The principal problem with Chivers' statutory argument is that Sixth Circuit precedent forecloses it, as this Court recently explained in *United States v. Wendel*, No. 1:19-cr-132, 2020 WL 832098, at *1 (S.D. Ohio Feb. 20, 2020). In *Wendel*, the Court quoted the Sixth Circuit's decision in *United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996), in which that court explained that "[t]he Supreme Court has held that proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving 'the commerce or affecting commerce' element of § 1202(a), the predecessor to § 922(g)(1)," and thus equally suffices to show that element for the latter statute. *Wendel*, 2020 WL 832098, at *1 (citing *Chesney*, 86 F.3d at 572). Chivers' statutory argument here, while arguably different as a factual matter (as it does not rest on the gun crossing state lines by dint of being manufactured outside the State), is no better as a legal matter than the one this Court found wanting in *Wendel*. Accordingly, for the same reasons set forth in *Wendel*, the Court rejects Chivers' statutory argument here.

That leaves Chivers' constitutional argument that exercising federal jurisdiction over possessors of firearms as proposed in this case would exceed Congress' power under the Commerce Clause. The problem on this front, as Chivers himself points out, is that Sixth Circuit precedent likewise forecloses this constitutional argument. In fact, "[p]recedents in both the Supreme Court and the Sixth Circuit directly address the constitutionality of the felon-in-possession statute." *United States v. McBee*, 295 F. App'x 796, 798 (6th Cir. 2008). In *Chesney*, the Sixth Circuit held that this statute was within the scope of Congress's Commerce Clause

power. 86 F.3d at 570; *see also United States v. Henry*, 429 F.3d 603, 619–20 (6th Cir. 2005) (reaffirming the court's prior decision in *Chesney*, noting that "a reversal of course from *Chesney* would constitute a radical and unjustified departure from the precedents of the Supreme Court, this court, and our sister circuits"). Because this Court is bound to follow clear Sixth Circuit precedent on the issue, Chivers' constitutional argument is also without merit.

## CONCLUSION

For the reasons discussed above, neither of Chivers' attacks against his indictment based on the interstate-commerce element is successful. Thus, Chivers' Motion to Dismiss Indictment (Doc. 59) is **DENIED**.

**SO ORDERED.**

August 10, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

4