**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**DARNELL CHIVERS,**

    **Defendant.**

Case No. 1:19-cr-119
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendant Darnell Chivers' Motion for Reconsideration of Motion to Dismiss Based on Speedy Trial. (Doc. 60). For the following reasons, Chivers' Motion is **DENIED**.

## BACKGROUND

Chivers' federal case has a long history, dating back to May 24, 2017, when Ohio State Highway Patrol Troopers searched a car Chivers was driving and discovered a gun in the back seat. (*See* Op. & Order, Doc. 38, #431–33). The Government ultimately indicted Chivers in the Eastern District of Kentucky on January 24, 2019, under 18 U.S.C. § 922(g)(1) for possessing a firearm as a convicted felon. (*Id.* at #436). The Government subsequently moved to dismiss its case against Chivers in Kentucky, and instead indicted him in the Southern District of Ohio. (*See id.* at #439–40). On October 2, 2019, a federal Grand Jury in this District returned a one-count indictment charging Chivers with the same crime—being a

previously-convicted felon who knowingly possessed a firearm that was in and affecting commerce. (Indictment, Doc. 3, #14).

On January 28, 2020, Chivers filed a pro se motion to dismiss the Indictment against him. (*See* Doc. 21). In that Motion, Chivers argued that the Court should dismiss the Indictment because the Government violated his speedy trial rights, among other reasons. The Court disagreed, finding that there were still 11 days left on the speedy trial clock and, as a result, Chivers' rights under the Speedy Trial Act were not violated. (*See* Op. & Order at #452–60).

The Court's decision to deny Chivers' motion to dismiss on this issue rested mainly on two findings. First, the Court carried over into this current case the days that had elapsed in Chivers' Eastern District of Kentucky case. In doing so, the Court acknowledged that whether these days used in Kentucky should count in Ohio presented a difficult question, but ultimately found that Chivers' clock had not run regardless of whether those days counted here. (*See id.* at #454–55). As a result, Chivers started his Ohio case with a 59-day balance from Kentucky. (*Id.* at #459). Second, in determining that all the time that had elapsed in Ohio was excluded for various reasons, the Court found that the 20 days that elapsed between Chivers' initial appearance in the Southern District of Ohio on November 12, 2019, and the *Faretta* hearing on December 2, 2019, was excludable time under the Act. (*See id.* at #456–58).

Specifically, the Court found those days excludable under 18 U.S.C. § 3161(h)(1)(D)—the section excluding time for pending pretrial motions. That is

because the Court determined that Chivers had moved to represent himself during his initial appearance and arraignment on November 12, but that motion was pending and unresolved until the *Faretta* hearing on December 2. Although the Magistrate Judge inquired briefly into Chivers' request for self-representation during his arraignment, the Court found that the Magistrate Judge never intended to conduct, and did not conduct, a full *Faretta* hearing for the purposes of determining whether Chivers could represent himself in the entirety of this criminal matter. The Court determined the Magistrate Judge instead merely inquired to assess whether Chivers could represent himself for purposes of entering a plea, and left the matter of deciding whether Chivers could represent himself for the remainder of the case (the *Faretta* inquiry) to the District Judge. As the docket reflects, the District Judge did in fact take up that task and conducted a full *Faretta* hearing. Consequently, the Court determined that Chivers' motion to represent himself was pending from November 12 through December 2, and therefore § 3161(h)(1)(D) excluded that time from the speedy trial calculation. (*See id.* at #456–57).

Based on the Court's assessment, because only 59 days elapsed in the Eastern District of Kentucky, and all the time Chivers spent in Ohio was excludable under the Act, the Court determined 11 days remained on Chivers' speedy trial clock. (*Id.* at #459). And because there were 11 days left before the speedy trial clock expired, Chivers had not established a Speedy Trial Act violation.

Subsequently, Chivers filed the instant Motion for Reconsideration on Motion to Dismiss Based on Speedy Trial (Doc. 60) through his appointed counsel. At the

motion to suppress hearing held August 6, 2020, the Court heard arguments on this Motion and considered the additional evidence Chivers submitted. (*See* August 6, 2020 Minute Entry). In this Motion, he asks the Court to reconsider its decision denying his motion to dismiss because his right to a speedy trial under both the Speedy Trial Act and Sixth Amendment have been violated. Because the Court disagrees on both counts, the Court **DENIES** his Motion for Reconsideration.

## LAW AND ANALYSIS

**A.  The Speedy Trial Act.**

In urging the Court to reconsider its decision under the Speedy Trial Act, Chivers focuses on the Court's finding that his request to proceed pro se was a motion that remained pending and thus tolled the speedy trial clock. In that regard, Chivers argues that his request was not a "motion" at all and, even if it was, the Magistrate Judge had the power to, and did ultimately, resolve that motion during the preliminary hearing. (*See* Mot. for Recons. of Mot. to Dismiss Based on Speedy Trial ("Mot. for Recons."), Doc. 60, #588–91).

But the Court already addressed and resolved both arguments in its prior Opinion and Order, and Chivers provides no new reasons for the Court to revisit that decision. While the Court did not explicitly discuss the matter, it necessarily decided that Chivers' request to proceed pro se constituted a motion, which is not surprising, as ruling on Chivers' request to represent himself requires the Court to conduct an extensive inquiry into his ability to do so adequately. (*See* Op. & Order at #456 ("It is settled law that before a court can grant a motion for a defendant to represent him or herself, the court must undertake a *Faretta* hearing.")). And, contrary to Chivers'

4

arguments on reconsideration, the Court's opinion does not turn on whether a Magistrate Judge has the *authority* to conduct a *Faretta* hearing. Rather, the Court concluded that, in this case, the Magistrate Judge did not *intend* to conduct a full-blown *Faretta* hearing. The Court explained, "it appears she merely undertook a limited inquiry, designed to ensure that Chivers was competent to represent himself *for purposes of entering a not guilty plea at the arraignment*[.]" (*Id.* at #457 (emphasis in original)). Chivers raises nothing new in his Motion that warrants the Court's reconsideration of that decision.

Therefore, the Court finds Chivers' arguments supporting reconsideration of the Court's decision denying his Speedy Trial Act violation fails.

**B.     Sixth Amendment Right To A Speedy Trial.**

Chivers next urges the Court to find that the Government violated his right to a speedy trial under the Sixth Amendment. A defendant's right to a speedy trial under the Speedy Trial Act and Sixth Amendment are separate and distinct. The Speedy Trial Act specifically states that the Act "shall not be interpreted as a bar to any claim of denial of speedy trial as required by amendment VI of the Constitution." 18 U.S.C. § 3173. As a result, although unusual, it is possible for a delay that does not violate the Speedy Trial Act to run afoul of the Sixth Amendment's guarantee of a speedy trial.

A violation of a defendant's Constitutional right to a speedy trial under the Sixth Amendment turns on a four-part balancing test the Supreme Court articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Court must balance the length of

the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* "No single factor is determinative[.]" *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993). "Rather, they are related factors and must be considered together with such circumstances as may be relevant." *Barker*, 407 U.S. at 533.

Chivers' counsel made two concessions at argument that narrow the Court's discussion of these factors. First, Chivers' counsel conceded, and the Government pointed out in its brief, that Chivers cannot establish prejudice by pointing to the length of his pre-trial detention alone because he would be in custody on other charges, regardless of his detention on charges here. Second, Chivers' counsel emphasized that Chivers' argument centers around establishing the government's alleged bad faith, which goes mainly to the last factor of prejudice. In particular, Chivers asserts that the Government's bad faith is sufficiently egregious that it alone is enough to find a Sixth Amendment violation.

In an effort to show that bad faith, Chivers focuses on the indictment in the Eastern District of Kentucky. (*See* Mot. for Recons. at #592). Chivers claims the Government's case in Kentucky "rose and fell" on one witness's, Kathy Faulkner's, testimony. And that star witness lied under oath to a state grand jury about her drug activity, thereby destroying her credibility. The Government supposedly knew this when it used her as the main source of evidence against Chivers at the federal Grand Jury proceedings in Kentucky. Because the Government supposedly had this knowledge, Chivers claims the Government knew from the start that it never had a

6

prosecutable case in Kentucky, but indicted Chivers anyway, supposedly merely to assist Kentucky state authorities in investigating Chivers for murder. (*Id.*).

The Government denies these allegations. The Government admits that it knew Faulkner had previously given conflicting statements about her drug activity to law enforcement officers during various interviews, but did not discover that she actually lied about her drug activity under oath at the state Grand Jury until *after* Chivers had been indicted in Kentucky. Once the Government heard Faulkner's state Grand Jury testimony and realized she had lied under oath, thereby badly damaging her credibility, the Government sought to dismiss the Kentucky indictment and instead pursue an indictment against Chivers in Ohio (where the Government's allegations would not turn on Faulkner's testimony).

Based on the evidence presented, the Court finds Chivers' argument about the Government's bad faith lacks merit. Chivers' counsel admitted at argument that he could not show by a preponderance of the evidence that the Government knew that testimony about Faulkner's drug activity would be elicited at the state Grand Jury, nor that she would lie under oath if it was. And the Government stated during argument that it never asked Faulkner about her drug activity at the federal Grand Jury, instead focusing its questioning on her involvement in assisting Chivers in obtaining the gun in question. There is simply not enough evidence to indicate the Government acted with bad faith, and thus bad faith alone cannot provide a sufficient basis for Chivers' alleged Sixth Amendment violation.

Although not necessary given Chivers' concession that the Government's supposed bad faith was his strongest argument supporting a Sixth Amendment violation, the Court still weighs the *Barker* factors and reaches the same outcome—Chivers cannot establish a Sixth Amendment speedy trial violation. As far as the length of the delay, the Court notes that this case against Chivers has been pending since October 2019. But, Chivers' extensive motion practice, along with the unprecedented COVID-19 pandemic, has largely driven the delays since that time. The same goes for the reason for the delay. While a defendant has every right to file motions testing the Government's case against him, those motions take time to resolve, resulting in delays to the defendant's case. While Chivers did assert his right to a speedy trial in the instant motion to dismiss, he has never opposed a continuance. Rather, as noted, he has regularly requested continuances to explore discovery and file motions. Lastly, as noted above, Chivers' argument on prejudice focused on the Government's supposed bad faith, which the Court finds is without merit. After weighing all the factors, the Court concludes that Chivers has not established the Government violated his Sixth Amendment right to a speedy trial.

## CONCLUSION

Based on the foregoing, Chivers does not provide valid reasons for the Court to reconsider its decision on his motion to dismiss. Therefore, his Motion for Reconsideration (Doc. 60) is **DENIED**.

**SO ORDERED.**

<u>August 20, 2020</u>
**DATE**

_____
**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**